UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACIE PLUMMER,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF RICHMOND, et al.,<br><br>    Defendants. | Case No. 14-cv-03962-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS**<br><br>Re: Doc. Nos. 46, 47 |

1. The motions to dismiss the free speech claim on the ground that Plummer was not engaged in protected speech as a matter of law are denied. *See Dahlia v. Rodriguez*, 735 F.3d 1060 (9th Cir. 2013). The only non-frivolous argument on this issue is made by Knight, but even as to her, the allegations in the complaint give rise to an inference that she knew of Plummer's 212-page report and retaliated against Plummer because of it. FAC ¶¶ 28, 33, 39, 42. *See Weinstein v. HBE Corp.*, 2014 WL 5602510, at *8 (C.D. Cal. Nov. 3, 2014) (causal link between protected speech and retaliation "may be established by an inference derived from circumstantial evidence").

2. The motion to dismiss any claims that accrued outside the limitations periods applicable to the free speech claim, the Section 1102.5 claim, and the Bane Act claim is denied as moot, because Plummer has clarified that her allegations about conduct that took place outside the applicable limitations periods are merely for background and do not give rise to liability.

3. The City of Richmond's motion to dismiss any claims based on Section 1102.5 that predate Plummer's government claim by more than six months is denied without prejudice to raising the issue again at summary judgment.

4. The motion to dismiss any claims based on the Bane Act that predate Plummer's

government claim by more than six months is granted in part and denied in part. It is granted to the extent Plummer contends she may establish liability based on conduct that took place before the start of the six-month period. *See Maynard v. City of San Jose*, 37 F.3d 1396, 1406 (9th Cir. 1994) ("A plaintiff suing a city and its employees must present a claim to the city no more than six months after accrual of the cause of action."). It is denied to the extent the defendants wish for allegations about conduct that took place before the start of the six-month period to be stricken from the complaint.

5. Knight's motion to dismiss claims based on the Bane Act is granted. Plummer concedes that because Knight retired from the City of Richmond more than six months before Plummer filed her government claim, the claim should be dismissed.

6. Stephenson's motion to dismiss the Bane Act claim against her on the ground that Plummer didn't identify her in the government claim is denied. The claim explains the alleged retaliation in sufficient detail to give the City of Richmond notice of Stephenson's alleged involvement. *See Cnty. of Los Angeles v. Superior Court*, 71 Cal.Rptr.3d 485, 489 (2008) ("The purpose of requiring a claim is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation.") (quotation omitted)); *Perez v. Golden Empire Transit Dist.*, 147 Cal.Rptr.3d 709, 713 (2012) ("The claim filing requirement is not designed to eliminate meritorious lawsuits or to snare the unwary when the requirement's purpose has been satisfied. Thus, claims are not required to be technically perfect. The claim need only substantially comply with all of the statutory requirements.") (citations omitted)).

7. The motion to dismiss the Bane Act claim on the ground that Plummer has not alleged that the defendants used or threatened violence is denied. Courts disagree on whether this is a requirement of California Civil Code § 52.1. *Compare Moreno v. Town of Los Gatos*, 267 Fed.Appx. 665, 666 (9th Cir. 2008), *and Hernandez v. City of Richmond*, 2014 WL 5034756, at \*7 (N.D. Cal. Oct. 8, 2014), *with Clifford v. Regents of Univ. of California*, 2012 WL 1565702, at \*9-10 (E.D. Cal. Apr. 30, 2012), *aff'd*, 584 F. App'x 431 (9th Cir. 2014), *and Frary v. Cnty. of Marin*, 2012 WL 6218196, at \*10 (N.D. Cal. Dec. 13, 2013). But there is no such requirement in the text

2

of the statute itself.

Section 52.1(a) imposes liability when someone uses a "threat," "intimidation," or "coercion" to interfere with another person's exercise of constitutional rights. A victim can be "coerced" in a nonviolent manner. For example, a government agency might demote an employee, deny her a promotion, or suspend her without pay to coerce her into staying quiet about improper practices at the agency.

The statute contains a caveat for speech. Section 52.1(j) states that speech alone cannot give rise to an action under Section 52.1(a) unless the speech involves a threat of violence. But Section 52.1(j) does not qualify Section 52.1(a) entirely; it only qualifies Section 52.1(a) to the extent that a plaintiff seeks to impose liability based on speech. As already discussed, speech is not the only thing that can cause someone to refrain from exercising her constitutional rights. Conduct (in the form of coercion) can do so as well. And nothing in Section 52.1(j) says that coercive conduct must be violent to come within the statute.

There is also a separate statute in the Civil Code that deals with freedom from violence – Section 51.7. Some older California cases held that Section 52.1 should be read to contain a violence requirement because it should be treated as targeting the same conduct as Section 51.7. *See*, *e.g.*, *Boccato v. City of Hermosa Beach*, 35 Cal.Rptr.2d 282, 290 (Ct. App. 1994). But as explained by the California Supreme Court, the Legislature subsequently rejected – albeit in a slightly different context – the idea that Section 52.1's reach should be limited based on language contained in Section 51.7, because the latter is a "separate and independent enactment." *Venegas v. Cnty. of Los Angeles*, 11 Cal.Rptr.3d 692, 706 (2004). Therefore, the only plausible argument for reading a violence requirement onto the entirety of Section 52.1 (where the text of the statute does not contain one) has been eliminated.

Finally, if the Legislature had wished to limit the reach of Section 52.1 to violence, it could have done so quite easily. It could simply have imposed liability on "anyone who uses violence or threats of violence to interfere with the exercise of a constitutional right." But instead it more broadly targeted anyone who uses "threats," "intimidation," or "coercion" to interfere with the enjoyment of a constitutional right, and then dialed it back partially by specifying that if only

speech is involved, the speech must involve a threat of violence.

Because the actual text of Section 52.1 imposes liability for non-violent coercion that interferes with the exercise of someone's constitutional rights, that is the end of the matter, unless a strictly literal reading of the text would undermine the purpose of the statute. *See Arntz v. Superior Court*, 114 Cal.Rptr.3d 561, 567 (Ct. App. 2010). Perhaps the Legislature didn't really intend for Section 52.1 to reach as broadly as it does. Or perhaps the Legislature didn't consider whether it ought to reach broadly enough to cover non-violent coercion. But that's different from saying that a strictly literal reading of the text would actually *undermine* the purposes of the statute. For example, nothing about this literal reading would interfere with what everyone agrees was the primary purpose of the Bane Act, namely, to impose liability for hate crimes, even if the literal reading covers more than just hate crimes. *Cf. Venegas*, 11 Cal.Rptr.3d at 706-07.

Therefore, Plummer's allegations that the City of Richmond and its employees took adverse actions against her (such as transferring her and denying her a promotion) to interfere with her free speech rights state a claim under the Bane Act.

**IT IS SO ORDERED.**

Dated: April 1, 2015

_____
VINCE CHHABRIA
United States District Judge

4