UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STACIE PLUMMER,

    Plaintiff,

    v.

CITY OF RICHMOND, et al.,

    Defendants.

Case No. 14-cv-03962-VC

**ORDER RE INVESTIGATIVE REPORTS**

Pursuant to the court's order, the City submitted copies of three reports prepared by Sue Ann Van Dermyden for in camera inspection. The court has reviewed the report dated January 14, 2013, but it has not bothered to review the other two reports, because the proposed redactions in the January 14 report are absurdly overbroad. For example, it is obvious that the investigator's analysis and findings about whether Knight violated the City's harassment policies, *see* pages 39-42, fall directly within the scope of the waiver and should not be redacted.

The City has wasted the court's time by submitting reports with such overbroad redactions. The City is directed to resubmit the reports with proposed redactions that are reasonable by Friday, August 7.

The City should be guided by the following:

- The City is reminded that it will be permitted to turn over the reports to Plummer pursuant to a protective order, and therefore disclosure of the contents of the reports to Plummer will not necessarily result in disclosure to others. Whether others are entitled to disclosure of the contents of the reports is a question the court will consider separately if necessary.
- The court construes the waiver narrowly enough to protect the strong public interest in encouraging witnesses to speak freely in an investigation like this.

Therefore, the City may redact information that would reveal the identities of witnesses who spoke with the investigator.

- However, mere references to the conduct of other City employees should not be redacted. For example, an allegation by Plummer that a certain employee did or did not do something should not be redacted.
- No allegations or statements by Plummer, Knight, or Lindsay should be redacted.
- None of the investigator's analyses or recommendations should be redacted, except to the extent that they reveal the identities of witnesses (other than Plummer, Knight, or Lindsay) with whom the investigator spoke. Similarly, none of the background information that contributed to the investigator's analyses or recommendations should be redacted, except to the extent it reveals the identities of witnesses (other than Plummer, Knight, or Lindsay).
- The court also construes the City's waiver narrowly in the following respect: there is a distinction between Van Dermyden's investigation into Knight's conduct, the findings of which were disclosed in the press release, and any other investigation(s) into the alleged underlying conduct by subordinates, which was not. For example, the press release states that Knight "did not encourage a subordinate to retaliate against Plummer." The portions of the report that concern whether Knight encouraged a subordinate to retaliate may not be redacted, but the City may redact any statements or information about whether the subordinate did in fact retaliate.

If the City does not take a reasonable approach to the redactions, the court will simply order that the reports be disclosed unredacted to Plummer.

**IT IS SO ORDERED.**

Dated: August 4, 2015

_____
VINCE CHHABRIA
United States District Judge

2